IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:01-CR-00122-F-1
No. 7:16-CV-00084-F

| | | |
|---|---|---|
| HARVEY TYRIK ROBINSON,<br>Petitioner, | )<br>)<br>) | |
| v. | )<br>) | ORDER |
| UNITED STATES OF AMERICA,<br>Respondent. | )<br>)<br>) | |

This matter is before the court on Harvey Tyrik Robinson's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-26]. The issues have been fully briefed, and the matter is now ripe for ruling. For the reasons more fully stated below, Robinson's Motion to Vacate is ALLOWED.

In Robinson's Motion to Vacate, he argues that he is no longer an armed career criminal as a result of *Johnson v. United States*, 135 S. Ct. 2551 (2015). Mot. Vacate [DE-26] at 5. Robinson contends that his convictions for common law robbery and larceny from the person are no longer valid predicate convictions for the Armed Career Criminal Act ("ACCA"). *Id.*

In its Response, the Government refers to the Supreme Court's decisions in *Johnson*, 135 S. Ct. at 2551 (invalidating the residual clause of the ACCA, 18 U.S.C. § 924(e)(2)(B)(ii)), and *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016) (holding that *Johnson* applies retroactively to cases on collateral review). Resp. [DE-30] at 1. The Government maintains that Robinson's convictions for common law robbery are violent felonies, but it concedes that the larceny conviction is no longer a violent felony for ACCA purposes. *Id.* at 2.

The Government concedes that based on *Johnson*, Robinson is no longer eligible for

sentencing enhancement under § 924(e)[1]. *Id.* In particular, the Government concedes that Robinson lacks the necessary three predicate convictions to be sentenced as an armed career criminal under § 924(e). *Id.* As a result, the Government waives reliance on any procedural defenses and asks the court to vacate Robinson's sentence and hold a resentencing hearing. *Id.*

In light of the foregoing, including the Government's concessions, Robinson's Motion to Vacate [DE-26] is ALLOWED. Robinson's June 24, 2003 Judgment [DE-13] of conviction and sentence hereby is VACATED, and he is to be promptly resentenced without the § 924(e) enhancement.

SO ORDERED.

This, the 6th day of June, 2016.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge

---

[1] A defendant "who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another," triggers an increased statutory minimum and maximum. 18 U.S.C. § 924(e)(1).